UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY PUBLIC SCHOOLS,

        Plaintiff,                  Civil Action No. 20-10397
                                                  Honorable Denise Page Hood
v.                                          Magistrate Judge Elizabeth A. Stafford

K.F., *et al.*

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART
DEFENDANTS' MOTION TO AWARD ATTORNEY'S FEES [ECF NO. 8]**

## I.    Introduction

The defendants—Parents and their special education son (Student)—move to recover $63,263 in attorney's fees and costs under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415.[1] [ECF No. 8]. Plaintiff Troy Public Schools opposes the motion, which was referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). [ECF No. 9; ECF No. 10]. Troy argues that the Court has no jurisdiction to consider defendants' motion. The Court disagrees and recommends that defendants' motion be **GRANTED**, but that defendants be awarded the

---

[1] Troy Public Schools also named Parents' counsel Jason Daniel Wine as a defendant in its court action to assert its claim for attorney fees against him. [ECF No. 1].

lesser amount of $48,478.00.

## II. Background

Student is deaf or hard-of-hearing and thus qualified for special education under the IDEA.[2] [ECF No. 8, PageID. 69; ECF No. 1-1]. Student's resident school district, Troy, does not offer a program for deaf students, so Student was placed in a deaf program in Bloomfield Hills School District, twelve miles from Student's home. [ECF No. 8, PageID.70; ECF No. 1-1]. Troy provided transportation for Student at its expense, but a dispute arose over its obligation to transport Student for extracurricular activities. [*Id.*].

Parents filed a special education complaint with the Michigan Department of Education, Office of Special Education (OSE) to resolve this dispute. [ECF No. 8, PageID.70]. The OSE found that Troy violated the IDEA (20 C.F.R. §§300.107 and 300.320(a)(4)) and ordered Troy to provide transportation for extracurricular activities. [*Id.*]. Troy filed a due process complaint and requested a hearing under the IDEA. [*Id.*]. Parents hired Wine to represent them at the due process hearing. [*Id.*] After three days of hearing and post-hearing briefing, the administrative law judge (ALJ) upheld the OSE decision in November 2019. [ECF No. 1-1].

---

[2] Student graduated from high school in June 2020.

In February 2020, Troy sued to appeal the ALJ's decision. [ECF No. 1]. Troy never served defendants with the complaint and it later filed a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). [ECF No. 6]. The Court issued an order dismissing the case without prejudice in April 2020. [ECF No. 7]. In May 2020, defendants filed this motion to recover attorney fees as the prevailing party under the IDEA. [ECF No. 8].

### III. Analysis

**A.**

The IDEA authorizes an award of attorney's fees for parents who successfully bring claims under the statute. "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Troy makes a passing challenge to whether Parents were the prevailing parties. But its only actual argument against defendants' motion is that this Court lacks jurisdiction to consider defendants' motion for attorney's fees because Troy voluntarily dismissed its federal action under Rule 41(a)(1)(A)(i). [ECF No. 10, PageID.99-102]. That rule permits a party to dismiss an action without a court order by filing "a notice of dismissal

3

before the opposing party serves either an answer or a motion for summary judgment." Rule 41(a)(1)(A)(i).

Contrary to Troy's argument, the Supreme Court held that a plaintiff's dismissal of a complaint under Rule 41(a)(1) does not divest the court of jurisdiction to consider collateral issues, including "motions for costs or attorney's fees." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396-98 (1990); *see also Burton v. Cleveland Heights Univ. Heights Bd. of Educ.*, 2019 WL 2714860, at *1 (6th Cir. June 27, 2019) ("The voluntary dismissal of a complaint under Rule 41(a)(1) does not divest the district court of jurisdiction to resolve a motion for attorneys' fees.").

Like Troy, the defendants in *Phelan v. Bell* argued that the district court was divested of jurisdiction to award attorney's fees under the IDEA after the case was dismissed. 8 F.3d 369, 372 n.4 (6th Cir. 1993). The court rejected that argument because "[m]otions for attorney's fees are collateral to the merits of an action and may be considered even after an action is terminated." *Id.* (citing *Cooter*, 496 U.S. at 395). The Court thus has jurisdiction over defendants' motion for attorney's fees.[3]

---

[3] Defendants' moved for attorney's fees under both the IDEA and E.D. Mich. LR 54.1.2, which says, "A motion for attorneys' fees and related non-taxable expenses pursuant to Fed.R.Civ.P. 54(d)(2) must be filed no later than 28 days after entry of judgment." Rule 54.1.2(a). Along with the argument that the Court has no jurisdiction to consider defendants' motion,

4

**B.**

"[F]or the Parents to be eligible for an award of attorneys' fees as 'prevailing parties' under the IDEA, they must have (1) succeeded on a significant issue, and (2) this success must be embodied in either a judgment on the merits or in a settlement agreement enforced through a consent decree." *Tompkins ex rel. A.T. v. Troy Sch. Dist.*, 199 F. App'x 463, 466 (6th Cir. 2006). An order in favor of parents from administrative IDEA proceedings qualifies as a judgment on the merits. *A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 76 (2d Cir. 2005). Thus, courts have repeatedly found that the IDEA permits prevailing parents to recover legal fees incurred on the administrative level. *King ex rel. King v. Floyd Cty. Bd. of Educ.*, 228 F.3d 622, 626-627 (6th Cir. 2000) ("[W]e have held that the amended version of the IDEA is broad enough to authorize court suits for the recovery of legal fees incurred by parents who prevailed at the administrative level."); *Kaseman v. D.C.*, 444 F.3d 637, 640 (D.C. Cir. 2006) (IDEA permits "claims for fees brought by parents who have prevailed at the administrative level."); *Traverse Bay Area Intermediate*

---

Troy contends that defendants' reliance on Rule 54 is improper because the Court entered no "judgment" in this case. [ECF No. 10, PageID.102]. But in *Phelan*, the court applied the local rule for motions for attorney's fees after "entry of judgment" even though the complaint had been dismissed without prejudice. 8 F.3d at 372 n.4.

5

*Sch. Dist. v. Michigan Dep't of Educ.*, No. 5:06-CV-139, 2008 WL 351651, at *5 (W.D. Mich. Feb. 6, 2008) ("[U]nder the IDEA, absent an appeal to the district court, the merits are decided in the administrative proceeding, and the successful party must file a separate action for an award of fees in federal district court.").

Here, the "primary substantive issue" in the due process proceedings was Troy's "obligations to transport the Student to and from extracurricular activities." [ECF No. 1-1, PageID.44]. The ALJ held that Troy's failure to provide transportation to and from extracurricular activities was improper, and he ordered Troy to provide the Student with that transportation in the future. [*Id.*, PageID.44, 56]. The ALJ rejected Parents' requests for a finding that Student's IEP was inadequate and for an order of reimbursement for past transportation. [*Id.*, PageID.54]. But Parents prevailed on the primary substantive issue and they are thus prevailing parties.

## E.

Attorney fees awarded under this section must be reasonable. The starting point for determining the amount of reasonable attorney's fees is the "lodestar" amount. *Id.* (citing *Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 551 (6th Cir.2008)). The lodestar amount is calculated by

6

multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* "Where the party seeking attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 565–566, 106 S. Ct. 3088, 92 L.Ed.2d 439 (1986).

Courts have held that, once the lodestar figure is derived, an upward or downward adjustment is permitted based on twelve factors first listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[4] But many of the *Johnson* "factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434, n. 9. The Supreme Court has thus discouraged use of the *Johnson* factors except in rare or exceptional circumstances, finding the lodestar method more objective and reiterating that "the lodestar figure includes most, if not all, of the relevant factors

---

[4] Those factors are: "(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson*, 488 F.2d at 717–19.

constituting a reasonable attorney's fee." *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 553 (2010) (citation and internal quotation marks omitted). There is a "strong presumption" that the lodestar figure is reasonable, and there are few circumstances in which it should be found inadequate. *Id.* at 554.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. Defendants argue that fees and costs totaling $63,263.00 are reasonable, but their attorney Jason Wine's affidavit and supporting itemized billing statement are confusing and inconsistent. In his affidavit, he requests attorney's fees at his current hourly rate of $400.00 per hour. [ECF No. 8-2, PageID.78-79]. But his billing statement calculated his fees with a rate of $350.00 per hour. [*Id.*, PageID.85-92]. Wine's affidavit requests an award based on 455.3 hours related to the administrative proceedings and 190.0 hours related to proceedings here. [*Id.*, PageID.79-80]. Yet his billing statement details hours only through the November 2019 administrative decision. [*Id.*, PageID.85-92]. And since Troy never served defendants with its federal complaint, Wine's claim that he worked nearly 200 hours on district court proceedings is nonsensical.

Moreover, Wine's billing statement shows nowhere near 455 hours at

the administrative level. [ECF No. 8-2, PageID.85-92]. The billing statement does not state a total number of hours; it details the increments of time Wine spent on the administrative proceedings and concludes that the total billing is $63,263.00, with no hint of the math. [*Id.*]. Doing the calculations, at the $350 per hour Wine relied on, he would have worked about 180 hours on the administrative proceedings to render a total billing of $63,263.00.[5]

Despite Wine's confusing submissions, the Court finds that his request for attorney fees at an hourly rate of $400 per hour is reasonable. A reasonable hourly rate is the prevailing market rate in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Fuhr v. School Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir.2004). The accepted benchmark for determining reasonable hourly rates in this district is the State Bar of Michigan's most recent Economics of Law Practice Survey. *Hazzard v. Schlee & Stillman, LLC*, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014), *adopted*, 2014 WL 634205 (E.D. Mich. Feb. 18, 2014).[6] The most recent survey shows that

---

[5] $63,263.00 ÷ 350 = 180.76.
[6] *See* State Bar of Michigan, Economics of Law Practice Survey (2020), https://www.michbar.org/file/pmrc/articles/0000155.pdf (last viewed October 14, 2020).

9

the mean billing rate for school and education lawyers is $251 per hour, and the median rate is $250 per hour. The mean billing rate for administrative lawyers is $306 per hour and the median rate is $296 per hour. The top rate (95th percentile) for attorneys working in administrative law is $500 per hour, and the top rate for attorneys working in school and education is $520 per hour.

Wine requests attorney's fees at a rate of $400 per hour, which is above the mean and median rates for both a school and education lawyer and an administrative lawyer, but below the tops rates in those areas. [ECF No. 8-2, PageID.78-79]. Wine's skill and experience justify the requested rate. In his affidavit, he states that he has been a practicing attorney for 21 years and that, for the past six years, 90 percent of his practice has been in representing children with disabilities and their parents or guardians. [*Id.*]. With this experience, Wine's requested rate between the median and top hourly rates is reasonable.

The second step of the lodestar calculation requires the court to determine whether the requested fee is for a reasonably expended number of hours. *Bd. of Trustees of Ohio Laborers' Fringe Ben. Programs*, 2011 WL 3793502, at *3. For determining whether the number of hours claim are excessive, "the most critical factor is the degree of success obtained."

*Hensley*, 461 U.S. at 436. In other words, if the party "has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id*. Attorneys must also exclude unnecessary hours from their bill and present billing statements that are sufficiently detailed to permit an assessment of the reasonableness of the hours expended. *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir.1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).

Here, as noted, the billing records detail about 180 hours of work at the administrative level. [ECF No. 8-2]. But though Parents prevailed on the primary issue in contention, they did not succeed on the two less significant requests. The Court thus excludes a third of the hours Wine expended during the administrative level, leading to a total of 120 hours. At a rate of $400 per hour, the attorney's fee awarded should be $48,000.

Prevailing parties in IDEA cases are also entitled to reimbursement of costs. *Kingsport City Sch. Sys. v. J.R., ex rel. Rentz*, No. 2:06-CV-234, 2008 WL 4138109, at *5 (E.D. Tenn. Sept. 4, 2008) (citing § 1415(i)(3)(B)). Wine's billing statement includes $478 of costs for photocopies. [ECF No. 8-2, PageID.89-90]. Copying costs are normally reimbursable under fee-

11

shifting statutes. *Potter v. Blue Cross Blue Shield of Michigan*, 10 F. Supp. 3d 737, 771 (E.D. Mich. 2014).

For these reasons, defendants should be awarded $48,478.00 in attorney's fees and costs.

### IV.     Conclusion

The Court **RECOMMENDS** that defendants' motion for fees **[ECF No. 8]** be **GRANTED IN PART**, and that Troy should be ordered to pay defendants $48,478.00 in attorney's fees and costs.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: October 30, 2020

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2020.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager