**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TROY PUBLIC SCHOOLS,

        Plaintiff,                          CASE NO. 20-10397
                                            HON. DENISE PAGE HOOD

v.

JASON WINE, K.F., and J.F.,

        Defendants.

_____/

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION [ECF No. 11] and**
**GRANTING DEFENDANTS' MOTION FOR**
**ATTORNEY FEES [ECF No. 8]**

**I.**     **Introduction**

Plaintiff filed this action on February 14, 2020.  Plaintiff's Complaint included

an appeal from the November 19, 2019 Decision and Order of a Michigan

Administrative Law Judge ("ALJ") at a Due Process Hearing. ECF No. 1. The Due

Process Hearing was conducted by the Michigan Office of Administrative Hearings

and Rules ("MOAHR") under the Individuals with Disabilities Education Act

("IDEA") and the Michigan Mandatory Special Education Act ("MMSEA").

Plaintiff's Complaint also included an action for recovery of it attorney fees and costs

pursuant to Section 1415 of the IDEA against the Defendants' attorney (Daniel Wine).

Wine represented Defendants K.F. and J.F. (as parents, on behalf of their son (M.F.))

against Plaintiff in the underlying Due Process Hearing. *Id.*

On April 17, 2020, Plaintiff voluntarily dismissed this cause of action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 6.  On April 20, 2020, the Court entered an Order Dismissing Case. ECF No. 7.  On May 18, 2020, Defendants filed a Motion for Attorney Fees pursuant to Rule 54.1 and IDEA (20 U.S.C. §1415). ECF No. 8.  Defendants seek $63,263.00 in fees and costs associated with the underlying Due Process Hearing and this action. ECF No. 8.  The Motion for Attorney Fees was fully briefed.

Presently before the Court is a Report and Recommendation prepared by Magistrate Judge Elizabeth A. Stafford. ECF No. 11.  The Magistrate Judge recommends that the Court grant Defendants' Motion for Attorney Fees and award Defendants the amount of $48,478.00 in attorney fees.  Plaintiff filed objections to the Report and Recommendation.  For the reasons below, the Court: (a) adopts the Magistrate Judge's findings of fact and conclusions of law; and (b) awards Defendants attorney fees in the amount of $48,478.00.

## II.    Analysis

### A.    Objection 1 - Court Lacks Continuing Jurisdiction Because the Case was Voluntarily Dismissed under Rule 41(a)(1)(A)(i), not Rule 41(a)(1)(A)(ii).

Plaintiff erroneously argues that the Court lacks jurisdiction to consider a

motion for attorney fees because Plaintiff voluntarily dismissed its cause of action

pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  The Sixth Circuit has

made clear that a district court has jurisdiction to consider a motion for attorney fees

filed pursuant to IDEA, even if the motion for attorney fees was filed after the action

has been dismissed pursuant to Rule 41(a)(1).  The Sixth Circuit stated, in part,

> LaRhonda Burton sued the Cleveland Heights University Heights Board
> of Education on behalf of her daughter, Amiya, a former student in the
> Cleveland Heights-University Heights School District, alleging that the
> School District violated her rights to a free and appropriate public
> education. Their complaint, filed after exhausting state-level remedies,
> alleged claims under the Individuals with Disabilities Education Act
> ("IDEA"), 20 U.S.C. § 1400 et seq., and related statutes. One of the
> Burtons' claims, Count VII, was for attorneys' fees under the IDEA, 20
> U.S.C. § 1415(i)(3)(B)(i)(I). After litigating their federal suit for a year,
> the Burtons filed a stipulation of voluntary dismissal without prejudice,
> see Fed. R. Civ. P. 41(a)(1)(A)(ii), and the district court issued an order
> based on that stipulation.
>
> The Burtons then moved for attorneys' fees under Federal Rule of Civil
> Procedure 54(d) and the IDEA, asserting that they were a prevailing
> party in the state-level proceedings leading up to their federal lawsuit.
> The district court denied the motion . . . [holding] that it lacked
> jurisdiction to consider its merits . . .
>
> * * * * *
>
> The district court erred in holding that it lacked jurisdiction to resolve the
> Burtons' motion for attorneys' fees. **The voluntary dismissal of a
> complaint under Rule 41(a)(1) does not divest the district court of
> jurisdiction to resolve a motion for attorneys' fees.** See Cooter & Gell
> v. Hartmarx Corp., 496 U.S. 384, 396 (1990); Brown v. Local 58, Int'l
> Bhd. of Elec. Workers, 76 F.3d 762, 766 (6th Cir. 1996). **Indeed, we
> have held that a motion for attorneys' fees under the IDEA is**

**"collateral to the merits of an action and may be considered even after an action is terminated."** *Phelan v. Bell*, 8 F.3d 369, 372 n.4 (6th Cir. 1993). **Thus, the district court had jurisdiction to decide the Burtons' motion.**

*Burton v. Cleveland Heights Univ. Heights Bd. of Educ.*, No. 18-3595, 2019 WL 2714860, at *1 (6th Cir. June 27, 2019) (emphasis added).

Plaintiff argues that *Burton* is distinguishable.  Plaintiff asserts that, because it voluntarily dismissed its cause of action pursuant to Rule 41(a)(1)(A)(i), the *Burton* case involving a stipulated dismissal pursuant to Rule 41(a)(1)(A)(ii) does not control in this case.  The Court finds that the fact that *Burton* was based on a stipulated dismissal is not significant to determining the Court's jurisdiction in this matter.  As the *Burton* court recognized when citing United States Supreme Court and Sixth Circuit precedent,

> The **voluntary dismissal** of a complaint under Rule 41(a)(1) does not divest the district court of jurisdiction to resolve a motion for attorneys' fees. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *Brown v. Local 58, Int'l Bhd. of Elec. Workers*, 76 F.3d 762, 766 (6th Cir. 1996).

*Burton*, 2019 WL 2714860, at *1 (emphasis added).  Accordingly, the Court holds, as the Magistrate Judge did, that the Court has jurisdiction to consider an attorney fees motion after a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i).

**B.     Objection 2 - Defendants' Motion for Attorney Fees is Not an "Action or Proceeding" under IDEA and It is Untimely**

The Court agrees with Plaintiff's contention that the Motion for Attorney Fees is not an action or proceeding, but that argument is not helpful.  As many courts have recognized, a motion for attorney fees is not encompassed by the "action or proceeding" parameters of Section 1415(i)(2)(B).  The Fifth Circuit concluded, as have many district courts, that "§ 1415(i)(2)(B) applies only to actions brought by aggrieved parties seeking judicial review of adverse administrative decisions, and not to actions brought by prevailing parties seeking attorneys' fees." *See, D.G. ex rel. LaNisha T. v. New Caney Ind. Sch. Dist.*, 806 F.3d 310, 316 n.5 (5th Cir. 2015).[1]

---

[1]That court compiled the following list of cases in support of its conclusion.

*See, e.g., J.H. ex rel. Sarah H. v. Nev. City Sch. Dist.*, No. 2:14-CV-00796-TLN-EFB, 2015 WL 1021424, at *5 (E.D.Cal. Mar. 6, 2015) ("[T]he IDEA does not establish a statute of limitations to bring a claim for attorney's fees in federal court."); *G-N v. City of Northampton*, 60 F.Supp.3d 267, 269 (D.Mass.2014) (concluding that § 1415(i)(2)(B) applies only to appeals of adverse due process hearing decisions, not actions for attorneys' fees); *S.F. ex rel. J.F. v. Cabarrus Cty. Bd. of Educ.*, No. 1:12CV560, 2013 WL 4552639, at *8 & n. 9 (M.D.N.C. Aug. 28, 2013) ("[N]o statute of limitations is provided under the IDEA for attorneys' fee claims."); *Meridian Joint Sch. Dist. No. 2 v. D.A.*, No. 1:1-cv-00320-CWD, 2013 WL 3270424, at *13-14 (D.Idaho June 25, 2013) ("[S]everal courts have held, and this Court agrees, that the 90-day statute of limitations contained in § 1415(i)(2)(B) does not apply to claims for attorneys' fees under § 1415(i)(3)(B)."), *aff'd*, 792 F.3d 1054 (9th Cir.2015); *P.M. ex rel. S.M. v. Evans-Brant Cent. Sch. Dist.*, No. 09-CV-686S, 2012 WL 42248, at *4 (W.D.N.Y. Jan. 9, 2012) (finding that the addition of § 1415(i)(2)(B) "did not change the applicable statute of limitations for the purposes of an attorney fees claim"); *Wilson v. District of Columbia*, 269 F.R.D. 8, 18 (D.D.C.2010) ("[T]o employ the 90-day limitations period to the plaintiff's claim for attorneys' fees would defy the congressional intent of the statute as evidenced by the plain language of the statute itself.").

*D.G.*, 806 F.3d at 316 n.5.

The Fifth Circuit also "h[e]ld that the IDEA contains no express statute of limitations for an action seeking attorneys' fees." *Id.* Although the Sixth Circuit has not specifically addressed the issue, a court in the Northern District of Ohio has, and it concurred:

> The IDEA does not authorize the recovery of attorneys' fees by the prevailing party in administrative proceedings. *D.G. ex rel. LaNisha T.*, 806 F.3d at 318. Rather, Congress provided independent court action for such relief with no express statute of limitations for these actions. See 20 U.S.C. § 1415(i)(3)(B). "The Senate Report detailing the [IDEA] amendments that included current § 1415(i)(2)(B) explains that the Act as amended 'contains a new provision, ...which gives a party 90 days from the date of the decision of the hearing officer for appealing a due process hearing decision to State or federal district court, or if there is an explicit State time limitation set out by State statute or regulation, in such time as the State law allows.'" *D.G. ex rel. LaNisha T.*, 806 F.3d at 318 (citing S. Rep. No. 108–185, at 42 (2003)) (emphasis added). This Senate Report implies that Congress intended the IDEA's limiting statute to apply exclusively to due process appeals to federal court and not to separate fee actions. *Id.; see G–N v. City of Northampton*, 60 F.Supp.3d 267, 269 (D. Mass. 2014); *Brandon E. v. Dep't of Educ.*, 621 F.Supp.2d 1013, 1016 (D. Haw. 2008).

*Akron Bd. of Educ. v. Wallace*, 2017 WL 5654767, at *3 (N.D. Ohio Nov. 22, 2017).

Section 1415(i)(2)(B) does not require that the party seeking attorney fees file an action or proceeding for attorney fees. That section states, in relevant part: "In **any** action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—(i)  to a prevailing party who is the parent of a child with a disability." It is undisputed that the instant case is an action

brought pursuant to IDEA (Section 1415).  As Defendants have moved for attorney

fees in this action that was filed pursuant to Section 1415, the Court may award

reasonable attorney fees.

The Court finds that Defendants' Motion for Attorney Fees is timely.  It was

filed on May 18, 2020, 28 days after the judgment in this case was filed by the Court

on April 20, 2020.  The IDEA action was not final in November 2019, as Plaintiff

contends.  The IDEA action was final only upon the latter of the expiration of the

appeal period or the entry of judgment with respect to any appeal filed in federal

district court (as was the case here).

As noted above, there is no time limit for a party to file for attorney fees as a

prevailing party in an IDEA action.  Even if there were a time limit governed by

IDEA, the Sixth Circuit determined that  the time limit is 30 days after judgment. *See*

*King ex rel. King v. Floyd County Bd. of Educ.*, 228 F.3d 622, 627 (6th Cir. 2000).

And, pursuant to Local Rule 54.1.2(a): "A motion for attorneys' fees and related

non-taxable expenses pursuant to Fed.R.Civ.P. 54(d)(2) must be filed no later than 28

days after entry of judgment."

As the Magistrate Judge determined, Defendants satisfied Local Rule 54.1.2(a)

when they filed their Motion for Attorney Fees on May 18, 2020, 28 days after the

Court entered an Order Dismissing Case on April 20, 2020.

## C.    Objection 3 - Defendants Were Not the Prevailing Party

Plaintiff argues that: (1) the legal relationship of the parties did not change in

any material way at all with respect to the student's transportation to extracurricular

activities; and (2) there were not substantial differences in the Ten-Day Offer by

Plaintiff and the result Defendants obtained.  The Court disagrees with Plaintiff, for

the reasons expressed by the Magistrate Judge, specifically that:

> Here, the "primary substantive issue" in the due process
> proceedings was Troy's "obligations to transport the Student **to and
> from** extracurricular activities. The ALJ held that Troy's failure to
> provide transportation **to and from** extracurricular activities was
> improper, and he ordered Troy to provide the Student with that
> transportation in the future. The ALJ rejected Parents' request for a
> finding that Student's IEP was inadequate and for an order of
> reimbursement for past transportation. But Parents prevailed on the
> primary substantive issue and they are thus prevailing parties.

ECF No. 11, PageID.108 (internal citations omitted) (emphasis added).

Plaintiff argues that the relief granted by the ALJ was nothing more than what

Plaintiff was already providing, but its briefs belie that argument. In its briefs, Plaintiff

regularly notes how it had been providing transportation for the Student <u>to</u>

extracurricular activities. *See, e.g.,* ECF No. 13, PageID.174 ("transportation of the

Student to extracurricular activities") and PageID.188 ("the legal relationship of the

parties did not change in any material way at all with respect to the Student's

transportation to extracurricular activities" and "transportation for the Student to

extracurricular activities"); ECF No. 15, PageID.259 ("Troy assured Defendants that transportation to these activities would continue without the need for a hearing or an order from an Administrative Law Judge" and "Troy would voluntarily transport to any extracurricular activity" (footnote 1)) and PageID.262 ("Troy rejects, as inaccurate, the appearance or finding that the District failed to provide the Student with transportation to any extracurricular activity at any time").  Plaintiff offers no argument or evidence, however, that it was providing transportation for the Student <u>from</u> the extracurricular activities.

The fact that Plaintiff proposed as part of a settlement offer to provide the student with transportation home from wrestling does not establish that Defendants obtained nothing more than Plaintiff was already providing.  The Court recognizes that Plaintiff did make Defendants an offer to provide their son with transportation home from wrestling activities. *See* ECF No. 13-1, PageID.193 (Ten-Day Offer) ("Troy will voluntarily provide transportation, will voluntarily agree to arrange for transportation or will provide reimbursement to transport the Student home from Bloomfield Hills official, coach-directed, wrestling practices during the wrestling season . . ."). Such an offer, however, (1) actually demonstrates that Plaintiff had not been providing the relief Defendants sought, and (2) was only part of a global settlement, not a limited offer that Defendants could accept in isolation.  Accordingly,

the Court concludes that the Ten-Day Offer does not aid Plaintiff's argument.

In its reply brief, Plaintiff actually concedes that Defendants obtained from the administrative process the right to have Plaintiff transport their son to **and from** extracurricular activities. *See* ECF No. 15, PageID.268-69 ("The only relief that Defendants obtained in this case was that the Administrative Law Judge interpreted the law to require that Troy transport the Student from wrestling and other extracurricular activities during last school year."). The Court concludes that such relief was sufficient to bestow upon Defendants prevailing party status for purposes of considering entitlement to attorney fees pursuant to IDEA.

### D.      Objection 4 - Plaintiff Should be Allowed to Reinstate its Appeal

Plaintiff states that it:

> objects to the Magistrate Report to the extent that it made a calculation of attorney fees in this case prematurely. If the Court is inclined to allow Defendants' Motion for Attorney Fees in a closed case that was dismissed through the Notice of Voluntary Dismissal, then Troy respectfully requests that the Court reject the Magistrate Report and permit Troy a reasonable period of time to re-file its appeal and to refile and adjudicate its claim for attorney fees under IDEA.

ECF No. 13, PageID.190. This "objection" is not a challenge to the Report and Recommendation. Nothing in this "objection" was before the Magistrate Judge, nor did Plaintiff make any argument about the calculation of attorney fees in response to the Motion for Attorney Fees. In its response Defendants' Motion for Attorney Fees,

Plaintiff only challenged the Court's jurisdiction to consider that motion.  The Court also declines to reinstate Plaintiff's action pursuant to an "objection" to the Report and Recommendation, as an objection to a Report and Recommendation is not an appropriate avenue for seeking to reinstate a case.

## III.   Conclusion

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Elizabeth A. Stafford **[ECF No. 11, filed October 30, 2020]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[ECF No. 13, filed November 14, 2020]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorney Fees **[ECF No. 8, filed May 18, 2020]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay Defendants attorney fees in the amount of $48,478.00.

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
Dated: January 14, 2022                    UNITED STATES DISTRICT JUDGE